Don D. BORCHERS and Elsie Vern Borchers, Appellants,

v.

Charles LOCK and Tim Lock, d/b/a Lock Brothers Farms, Respondents,

v.

FIREMAN'S FUND AMERICAN INSURANCE COMPANY—National Surety Corporation and Stockyards Insurance Agency, Inc., Respondents.

No. WD 32089.

Missouri Court of Appeals, Western District.

Nov. 24, 1981.

Stanley B. Cox, Sedalia, for appellants.

Kenneth J. Berra, Law Offices of Werner A. Moentmann, Richmond, for Lock Bros. Farms.

J. William Turley, Wesner, Turley & Kempton, Inc., Sedalia, for Fireman's Fund American Ins. Co.—Nat. Sur. Corp.

Kenneth R. Lewis, Cleaveland, Macoubrie, Lewis & Cox, Chillicothe, for Stockyards Ins. Agency.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

TURNAGE, Presiding Judge.

Don Borchers and his wife Elsie brought suit against Charles Lock and Tim Lock, d/b/a Lock Brothers Farms, for damages sustained by Borchers to a milo crop. The Lock brothers filed a third party petition against Fireman's Fund American Insurance Company—National Surety Corporation and Stockyards Insurance Agency, Inc., seeking indemnity for any judgment that might be entered against them. At the conclusion of the Borchers' case, the court directed a verdict in favor of all defendants.

Borchers contends the directed verdict was erroneous because his evidence showed the existence of an oral contract and a breach thereof. Affirmed.

The Borchers' petition alleged that they rented land from the Locks for the grazing of cattle. As a part of the rental agreement it was alleged the Locks agreed to build a fence around the rented ground sturdy enough to keep cattle out of the Borchers' adjoining milo field. It was alleged the Locks erected the fence, but that in December, 1973, their cattle broke the fence, entered and damaged the milo crop. The petition sought damages in the amount of $35,000.

The only evidence concerning the existence of the contract and breach came from Don Borchers. He testified to the agreement for the rental of the land and the agreement to build an adequate fence to keep the cattle out of the milo crop. Borchers stated that the fence was a single strand with electricity running through the strand. He stated that he furnished part of the material for putting up the fence and observed the installation. At the time he thought the fence was adequate. He testified that the cattle got out of the rented pasture into his milo crop on one occasion prior to the occasion for which he was suing. The first time the cattle got into the milo crop, Borchers testified that he got the cattle out of the milo himself and fixed the fence and then called the Locks and told them what had happened. Borchers testified the second time the cattle got into the milo was about a week to ten days after the first occasion and it is the damage sustained the second time for which he was suing.

Borchers stated that he did not know why the fence failed to hold the cattle, but did state there were any number of things which could have happened. He stated the fence was "wallered down." He further stated he did not know what the Locks had done wrong, if anything, in the construction of the fence, and as previously stated, he conceded that he put the fence up after the cattle first got out and it was after this that they got out the second time.

In their sole point on this appeal the Borchers contend the evidence proved the existence of an oral contract and showed that they were damaged when the cattle entered the milo crop on the second occasion. The only cases cited by the Borchers have to do with oral evidence being sufficient to prove the terms of a contract.

On review of the court's action in directing a verdict in favor of the defendant at the close of the plaintiff's case, this court views the evidence in the light most favorable to the plaintiff, giving him the benefit of all reasonable and favorable inferences to determine whether or not a submissible case has been made. *Woosley v. State Auto Mut. Ins. Co.*, 600 S.W.2d 210, 213[3–6] (Mo.App.1980).

The burden of proof was upon Borchers to prove that the Locks performed their agreement in a defective manner and to show the causal connection between such defective performance and the resultant damage. *Hall v. Knapp*, 552 S.W.2d 299, 305[7] (Mo.App.1977). Borchers completely failed to prove any defective performance on the part of the Lock Brothers in building the fence. Rather, Borchers conceded any number of things could have happened.

Borchers' position on this appeal misses the mark. The issue is not whether the evidence was sufficient to prove the contract—the question is whether there was proof of a breach which caused the damage. On that question there is no evidence to show that the damage resulted from any breach of the contract by the Lock Brothers. That being true, the court was correct in directing a verdict in favor of the Locks. *Equity Mutual Ins. Co. v. Affiliated Parking, Inc.*, 448 S.W.2d 909, 913[4] (Mo.App. 1969).

The judgment is affirmed.

All concur.